**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**MUSTAFA SHAKUR KHAN EL,**
**Plaintiff,**
**v.**
**MICHAEL L. CORBAT, et al.,**
**Defendants.**

**1:14-cv-3136-WSD**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Mustafa Shakur Khan El's ("Plaintiff") Objections [8] to Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation ("R&R") [5], which recommends that this action be closed.

## I. BACKGROUND

On September 30, 2014, Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* ("IFP Application") [1, 1.1].[1] Plaintiff does not provide any information in his IFP Application regarding his assets, income, or expenses, and instead asserts that he "do[es] not have, or possess, any gold or silver coins, as

[1] Plaintiff submits an "Affidavit of Financial Statement" [1.1], which the Court construes as his IFP Application. Plaintiff also submits several documents entitled: "Complaint on Account" [1.2], "Affidavit[s] of Fact: Notice of Breach of Contract [and Fraud]" [1.3, 1.4], "Writ in the Nature of Request Discovery and Disclosure" [1.5], and "Affidavit of Fact: Notice of Default" [1.6], which the Court construes together as Plaintiff's Complaint.

prescribed by the United States Constitution Law, which is the lawful money to pay the restricting demands, conditionally commanded by Employees and Contractors of the Court." (See [1.1] at 2). Plaintiff's IFP Application and Complaint are nonsensical, convoluted and conclusory. In his Complaint, Plaintiff appears to assert various claims against Defendants Michael L. Corbat, the C.E.O. of CitiGroup, Jane Fraser, C.E.O. of CitiMortgage, CitiMortgage, Inc. and Citibank (collectively, "Defendants") for breach of contract, fraud, violation of the Georgia Racketeer Influenced and Corrupt Organizations Act ("RICO"), and his constitutional rights.

On October 7, 2014, Magistrate Judge Brill denied Plaintiff's IFP Application and directed Plaintiff to submit either the standard filing fee of $350, or a completed financial affidavit containing "information showing that he is unable to do so." (October 7th Order [2] at 2).

Plaintiff did not submit the required filing fee or a completed financial affidavit. Rather, Plaintiff filed a series of "affidavits," in which he appears to argue that the filing-fee requirement is unconstitutional and generally reiterates his claims against Defendants. (See, e.g., [3] at 3-4).[2]

---

[2] On October 15, 2014, Plaintiff submitted his "Affidavit of Fact and Theory of Recovery Brief in Support of Complaint on Account" [7], which the Court construes as Plaintiff's Amended Complaint. Although largely incomprehensible,

On October 16, 2014, Magistrate Judge Brill issued her R&R. Having found that Plaintiff failed to pay the filing fee and has not shown that is unable to pay the filing fee, Magistrate Judge Brill recommended that this action be closed.

On October 20, 2014, Plaintiff filed his Objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

---

Plaintiff reiterates that Defendants are "guilty of fraud and racketeering" and that they should "be held responsible for creating and recording a void and fraudulent mortgage loan contract . . . ." (Am. Compl. [7] at 8, 12).

B. Analysis

Plaintiff's Objections, like the rest of his filings, are illogical and mostly unrelated to Magistrate Judge Brill's October 7th Order or the R&R. To the extent Plaintiff argues that the Court lacks authority to require him to pay the filing fee or file a completed IFP Application, it is well-settled that "[t]he right of access to the courts is neither absolute nor unconditional," and "conditions and restrictions on each person's access are necessary to preserve the judicial resource for all persons." Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir. 2008) (internal quotations and citations omitted). The Supreme Court and the Eleventh Circuit have recognized that "filing fees in theory discourage frivolous law suits and thus help allocate judicial resources to more meritorious cases." Id. (citing In re McDonald, 489 U.S. 180, 184 (1989)).

Here, Magistrate Judge Brill simply directed Plaintiff to either pay the filing fee or submit an affidavit showing that he is unable to do so. Plaintiff did neither. Local Rule 41.3 authorizes the Court to dismiss an action for want of prosecution if, after notice, a plaintiff fails or refuses to obey a lawful order of the court. LR 41.3, NDGa. Magistrate Judge Brill's October 7th Order and the R&R put Plaintiff on notice that he was required to pay the filing fee or submit a completed

financial affidavit, and Plaintiff failed to comply. Under these circumstances, the Court finds that dismissal of this action is warranted.[3]

The Court also notes that, on November 23, 2014, while this action was pending, Plaintiff initiated a second lawsuit in this Court, No. 1:14-cv-3527-ELR ("Case 3527"), against Defendants by filing his complaint, which is nearly identical to his Amended Complaint in this action, and paying the full filing fee. (Compare No. 1:14-cv-3136, Am. Compl. [7] with No. 1:14-cv-3527, Pl's "Complaint on Mortgage Fraud, Affidavit of Fact and Theory of Recovery," Doc. 1). In Case 3527, Plaintiff asserts the same claims—including for breach of contract, mortgage fraud, and violation of RICO—against the same Defendants as he asserts in his Amended Complaint in this action. That Plaintiff chose to pay the filing fee to file a subsequent case, in which he asserts the same claims against the same Defendants, supports that this filed action is likely moot and should be closed for this additional reason.[4]

---

[3] On March 24, 2015, the Court dismissed another of Plaintiff's actions for failure to pay the filing fee or submit a completed IFP application. See Khan v. Shafer, No. 1:15-cv-564-ELR (N.D. Ga.) (filed February 26, 2015, and dismissed March 24, 2015, for failure to pay the filing fee).

[4] On June 10, 2015, the Court dismissed with prejudice Plaintiff's claims in Case 3527, finding that Plaintiff had not, and could not, state a viable claim for relief. (See Case 3527, Doc. 18). The Court notes that *res judicata* bars Plaintiff from relitigating those claims in this action.

## III. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff's Objections [8] to the R&R are **OVERRULED.**

**IT IS FURTHER ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [5], is **ADOPTED.**

**IT IS FURTHER ORDERED** that Plaintiff's IFP Application is **DENIED** and the Clerk of Court is **DIRECTED** to close this action.

**SO ORDERED** this 20th day of July, 2015.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE